UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Guangzhou Weisheng Entertainment Products Co., Ltd.<br><br>*Plaintiff*,<br><br>v.<br><br>Plus Ev Holdings Inc<br><br>*Defendant*. | **CASE NO.**<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiff Guangzhou Weisheng Entertainment Products Co., Ltd. ("Plaintiff"), through its undersigned counsel, hereby files this Complaint against Defendant Plus Ev Holdings INC. ("Defendant"), seeking a declaratory judgment of patent non-infringement concerning U.S. Design Patent No. D1029286 ("the '286 Patent"). Plaintiff states as follows:

**INTRODUCTION**

1. Plaintiff brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Act, 35 U.S.C. § 100 et seq., seeking a declaration that Plaintiff's product identified by Amazon Standard Identification Number (ASIN) B0DMFJSQ6S does not infringe Defendant's patent, U.S. Design Patent No. D1029286. (**Exhibit A**)

2. Defendant has filed complaints with Amazon alleging patent infringement by Plaintiff's product, resulting in Amazon removing Plaintiff's product listing, causing substantial harm to Plaintiff's business.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201, as it arises under the patent laws of the United States.

4. Defendant is subject to personal jurisdiction in this district because it conducts business in Missouri, including within this judicial district, and has purposefully directed its activities toward Missouri-based businesses and consumers.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) because Defendant resides in this district and has committed acts giving rise to this dispute in this judicial district.

## PARTIES

6. Plaintiff Guangzhou Weisheng Entertainment Products Co., Ltd. operates the Amazon store "Grownsy Direct" (Seller ID: AZAUIRMACZI2Q), a company registered and existing under the laws of China, with its principal place of business at 3357, 3rd Floor, No. 22-1, Zhizhe Street, Yongping Street, Baiyun District, Guangzhou, China.

7. Defendant PLUS EV HOLDINGS INC. is a company organized and existing under the laws of Missouri, with its principal place of business at 1419 Murray St., 64116, North Kansas City, Missouri.

## FACTUAL BACKGROUND

8. Defendant is the assignee and owner of U.S. Design Patent No. D1029286 ("the '286 Patent"), which relates to a perineal massage tool

9. Defendant filed a patent infringement complaint against Plaintiff with Amazon.com, Complaint ID: 17243228881, alleging infringement of the '286 Patent by Plaintiff's product listed under ASIN B0DMFJSQ6S. **Exhibit B**.

10. As a direct result, Amazon removed Plaintiff's product listing, substantially harming Plaintiff's business, causing loss of revenue, customer relationships, and damage to Plaintiff's business reputation.

11. Plaintiff contends its product does not infringe the '286 Patent, as significant ornamental differences exist between the accused product and the patented design.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

12. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

13. Plaintiff's product, ASIN B0DMFJSQ6S, substantially differs in ornamental features from the design covered by the '286 Patent, thus does not infringe upon it

14. The overall contour of Plaintiff's product presents an S-shape (or a variant of the S-shape), while the appearance of the '286 patent as a whole more closely resembles a question mark. This difference between Plaintiff's product and the '286 patent, when viewed as a whole, significantly impacts the overall visual impression of the two pelvic wands, making them sufficiently distinct and plainly dissimilar such that an ordinary observer can distinguish between them. Therefore, it is sufficient to conclude that Plaintiff's does not infringe the '286 patent.

 

15. By referencing prior art designs listed below, the differences between Plaintiff's product and the '286 Patent become even more pronounced. The prior arts collectively establish a common design language for S-shaped wands, reinforcing that Plaintiff's product aligns more closely with these existing designs rather than the distinct question mark-shaped contour of the '286 Patent. Given this context, an ordinary observer familiar with the prior art would readily distinguish Plaintiff's design from the patented design, making it evident that Plaintiff's product does not infringe the '286 Patent.

(1) Ref. 1: MCDONALD-1-USD712057S1 (S-shaped wand), issued in 2014; **Exhibit C**.

(2) Ref. 2: MCDONALD-2-USD720862S1 (S-shaped wand), issued in 2015; **Exhibit D**.

(3) Ref. 3: ILIANA-US7695489B2 (Devices and related methods for targeted pressure and temperature therapies for pelvic region disorders and syndromes), issued in 2010; **Exhibit E**.

(4) Ref.4: JANAPOL-US20210022949A1 (Therapeutic internal massage wand with multiple, rotational segments and variable diameter body, and method of treatment using the same), filed on July 28, 2019. **Exhibit F**.

16. It can be observed that these prior designs also involve S-shaped wands, and the overall contour of the Plaintiff's product Pelvic Wand is more similar to these prior designs. Considering that the prior designs collectively provide a design context regarding S-shaped wands, this further enables the ordinary observer to easily recognize the difference in the overall product impression between the S-shaped contour of the Plaintiff's Pelvic Wand and the question mark-shaped contour of the '286 patent. Therefore, the Plaintiff's product does not infringe the '286

4

Case 4:25-cv-00186-BCW     Document 1     Filed 03/14/25     Page 4 of 8

patent.



## COUNT II
### (Tortious Interference with Contractual Relations)

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth

5

herein.

18. Plaintiff has a valid and existing contract with Amazon, allowing it to sell its products through Amazon.com.

19. Defendant had actual knowledge of Plaintiff's contractual relationship with Amazon.

20. Defendant intentionally and unjustifiably interfered with this contractual relationship by asserting materially false allegations of patent infringement against Plaintiff, which led to the removal of Plaintiff's product listing from Amazon.

21. As a direct and proximate result of Defendant's interference, Amazon removed Plaintiff's listing, preventing Plaintiff from fulfilling its contractual obligations and causing economic harm.

22. Plaintiff has suffered substantial damages, including lost sales, reputational harm, and additional business costs associated with mitigating the effects of the wrongful removal of its listing.

23. Defendant's conduct was willful, wanton, and malicious, warranting an award of punitive damages to deter similar conduct in the future.

## COUNT III
**(Tortious Interference with Prospective Economic Advantage)**

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Plaintiff had a reasonable expectation of continued sales and business relationships with Amazon customers through its existing product listing.

26. Defendant had full knowledge of Plaintiff's ongoing business relationships and prospective future sales through Amazon.

6

27. Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which led to Amazon delisting Plaintiff's product, thereby disrupting Plaintiff's business expectations.

28. Defendant's actions directly harmed Plaintiff by eliminating future sales opportunities, reducing its ability to compete in the marketplace, and damaging its reputation.

29. Defendant had no privilege or legal justification for interfering with Plaintiff's prospective business relationships.

30. As a result of Defendant's wrongful conduct, Plaintiff suffered and continues to suffer financial losses, including lost sales, additional business costs, damage to brand reputation, and a negative impact on product rankings and visibility in Amazon's marketplace.

31. The economic harm caused by Defendant's malicious interference is severe, ongoing, and irreparable, justifying equitable relief and monetary damages

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Plaintiff's products do not infringe any claim of the '286 Patent;

B. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against Plaintiffs based on the '286 Patent, and to refrain from lodging any further infringement complaints regarding the same;

C. A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C. § 285 and applicable Missouri law;

D. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

E. Awarding Plaintiff compensatory, general, special, consequential, and incidental damages in an amount to be determined at trial;

F. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

G. Awarding pre- and post-judgment interest;

H. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

AVEK IP, LLC

/s/Joseph L. Johnson
Joseph L. Johnson, MO Bar #45456
2135 East Independence Ave. #1077
Springfield, MO 65804
Office 913-955-3888
jjohnson@avekip.com
ATTORNEY FOR PLAINTIFFS

*(PENDING ADMISSION PRO HAC VICE):*

| Date: March 13, 2025 | /s/ Ruoting Men |
|---|---|
| | Ruoting Men, Esq |
| | Tao Liu, Esq |
| | Wei Wang, Esq |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529 |
| | New York, NY 10010 |
| | Ruoting.men@glacier.law |

***Attorney for Plaintiff***